BOYLE v. The BREEZE. See Case No. 1,-829.

---

## Case No. 1,759.
### BOYLE v. HINDS.
[2 Sawy. 527.][1]

Circuit Court, D. California. Feb. 2, 1874.

PUBLIC LANDS—PERFECT MEXICAN GRANTS—LAND COMMISSIONER — FINAL DECREE AND PATENT — CONCLUSIVENESS.

1. Where the holder of a perfect Mexican grant has presented his grant to the board of land commissioners for confirmation, under the act of congress of 1851 [9 Stat. 631], and had it confirmed, surveyed, and patented, the final decree and patent are conclusive as to the extent of the grant.

2. Where a Mexican grant is presented to the board of land commissioners for confirma-

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

tion, confirmed, finally surveyed, and patented in accordance with the final survey, all questions determined become res adjudicata between the parties to the proceeding and their privies.

3. The proceedings of the board of land commissioners for confirmation of Mexican grants are judicial in their character, and have the same effect as other judicial proceedings.

4. Where the claimants submit to the decree of the board of land commissioners, and no appeal is taken, the decree, final survey and patent in pursuance thereof, have the same force and effect as if the decree had been rendered by the supreme court on appeal, and are conclusive upon the rights of all parties to the proceeding and their privies.

[Cited in More v. Steinbach, 127 U. S. 82, 8 Sup. Ct. 1071.]

In equity. The Mexican government in 1839 granted a rancho called "Estero Americano" to Edward Manuel McIntosh. The grant was for two square leagues, within certain designated boundaries embracing six or more square leagues. It contained the usual provisions for measuring the land, and leaving the surplus to the nation. The grant was approved by the department assembly. Afterward, juridical possession was given by J. P. Leese as first alcalde of the jurisdiction within which the land granted was situated. The juridical possession is in all respects regular and in due form. The juridical possession, instead of being limited to two, embraces at least six square leagues. Prior to 1850 McIntosh conveyed his grant to Jasper O'Farrell, who, in 1852, presented the grant for confirmation; and it was subsequently confirmed to the extent of two leagues only, surveyed and patented —the patent covering about two leagues. O'Farrell took his patent without objection, and placed it on record in the recorder's office of Sonoma county. The land in question lies within the juridical possession given to McIntosh, but without the limits of the final survey, and the patent issued to O'Farrell. Whatever title O'Farrell had under the grant has, since the commencement of proceedings for confirmation, passed to the plaintiff [William Boyle] by proper conveyances. After the issue of the said patent to O'Farrell, in pursuance of the decree of confirmation, the United States issued, in due form, to the defendant [A. B.] Hinds, as a pre-emptioner, a patent to the land in controversy; and he was in possession at the commencement of this action, claiming title under said patent. [Judgment for defendant.]

Parker & Roche, for plaintiff.
George Pearce, for defendant.

SAWYER, Circuit Judge (after stating the facts). The plaintiff claims that McIntosh had a perfect Mexican title, and that it was unnecessary for his grantee, O'Farrell, to present his claim for confirmation; that, his title being perfect, congress had no constitutional power to deprive him of his land in case of his failure to present his claim under the act of 1851. Minturn v. Brower, 24 Cal. 644, is relied on as authority for this position. Under the view I take, it may be conceded that it was unnecessary to present the claim; but the claimant did present his grant, and submit it to examination, and asked its confirmation under the act of congress. The questions as to the genuineness and extent of the grant were litigated between the government and the claimant before a tribunal having jurisdiction to determine them. The grant was confirmed to the extent of two square leagues, and no more. The juridical possession was put in evidence, and the extent of the land to which the claimant was entitled in fact determined. The claimant did not appeal, and the determination became final. He had a right of appeal under the act, and could have gone from court to court, and ultimately had the question directly adjudicated by the supreme court of the United States in that proceeding, whether he had a title to the full extent of the juridical possession or not. The same courts would then have passed upon his title in a direct proceeding to establish his claim to the whole, that are now called upon to determine the same question collaterally. The law afforded him tribunals to determine this very question between him and the United States. The very object of the law was to definitely ascertain what land belonged to Mexican grantees, and what to the United States, in order that the United States might dispose of that which it owned to other parties. The owner of the grant availed himself of the right afforded by the act of congress, and the question between him and the United States was litigated and determined. If he had appealed to the supreme court in that proceeding—a direct proceeding to determine the validity and extent of the grant, the amount of land to which he was entitled under his perfect grant, if it be such—and the supreme court had determined that he must be limited to two leagues, I apprehend that the same question could not be litigated over again collaterally in the same or other courts. The same questions now raised could just as well have been presented then as now. The land commission and the courts on appeal had jurisdiction to determine them. They were embraced within the issues, and actually litigated and determined. The fact that the claimant did not appeal cannot affect the question. If he chose to accept the decision of the inferior tribunal, he is bound by it. Gray v. Dougherty, 25 Cal. 266; Garwood v. Garwood, 29 Cal. 515. Besides, the fifteenth section of the act of 1851 makes the adjudication final between the government and the claimant, and it must be regarded as res adjudicata. The proceedings ending in a decree limiting the confirmee to two leagues are clearly judicial. The survey and

patent but carry out the decree of confirmation. The patent is the final authentic record of the proceeding, and is conclusive evidence between the parties of the extent of the grant and the correctness of the location.

This appears to me to be the result upon authority, as well as upon principle, where the claimant under a Spanish grant, whatever the character of the grant may be, has presented his claim, litigated it with the government in the tribunals provided for the purpose, and had the genuineness and extent of the grant determined. The following authorities lead to this conclusion: Leese v. Clark, 20 Cal. 423, 18 Cal. 571; Teschemacher v. Thompson, Id. 26; Beard v. Federy, 3 Wall. [70 U. S.] 491, 492; Rodriguez v. U. S., 1 Wall. [68 U. S.] 591; Treadway v. Semple, 28 Cal. 655. Judgment must be rendered for defendant with costs, and it is so ordered.